IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNA OBUZOR, | ) |
| | ) |
| Plaintiff, | ) No. 2:23-cv-1488 |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| JESSE CLAYTON, ET AL., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CITY OF PITTSBURGH'S MOTION TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

Defendant, City of Pittsburgh, respectfully submits this Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6).

1. Plaintiff, Joanna Obuzor ("Ms. Obuzor") brings three claims[1] against the Defendant, the City of Pittsburgh ("City"). First, a *Monell* claim for "unlawful arrest," second, a claim for "failure to train and supervise," and third, a state law claim for false arrest. The claims against the City should be dismissed at this early stage because the Complaint fails to allege any facts showing a pattern of deliberate indifference, a causal connection between the City's alleged failure to train and any facts that overcome the City's Immunity under Pennsylvania law. Ms.

2. To survive a motion to dismiss, complaints must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] Paragraph 117 under Ms. Obuzor's "failure to train" claim uses the term "due process." ECF No. 1 ¶117. However, Ms. Obuzor's Complaint simply seems to recite these words without any relation to her other claims or the facts of the case. Thus, Defendant City argues that Ms. Obuzor's Complaint does not allege a Due Process claim and this paragraph merely makes a threadbare recital of an unrelated cause of action. If this Court should find Ms. Obuzor's Compliant states a due process claim, the City specifically denies that any argument in its Motion or Brief should constitute an admission or waiver of any facts or issues related to this claim.

1

statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

3. Ms. Obuzor's Complaint fails to allege, through evidence of past incidents, that the City has deliberately disregarded a risk of constitutional violations or that there was a training program that would have prevented her alleged constitutional right, which is required to state a *Monell* claim under either theory of municipal liability.

4. Ms. Obuzor's Complaint fails to make a causal connection between her alleged constitutional deprivation and a specific deficiency in City training. Because Ms. Obuzor's Complaint fails to state a viable *Monell* claim, both § 1983 claims against the City (Count III and Count V) should be dismissed. Furthermore, Ms. Obuzor's state law claim for false arrest is barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8542(a)(2). Therefore, Count VI must be dismissed as well.

5. "A municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Rather, a plaintiff must allege that a municipal policy, custom, or practice was the "moving force" behind the alleged constitutional deprivation. *Id.* at 694.

6. To sufficiently plead deliberate indifference, a Plaintiff must show that "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019). Here, Ms. Obuzor alleges that City police officers regularly violate their oaths, state law, and the Constitution, and that the City turns a blind eye, but

provides no facts to support this statement beyond her own experience. And thus, the claims against the City should be dismissed for failing to support alleged legal conclusions with facts.

7. Additionally, Ms. Obuzor does not point to a pattern of incidents that would make her claims more plausible. She does not identify any other incident of excessive force against an arrestee wearing restrictive clothing. She does not point to any other incidents of excessive force which is insufficient to state a claim against the City.

8. "To maintain a *Monell* claim pursuant to section 1983, a plaintiff must also plausibly allege that a municipal policy was the proximate cause of her injuries." *G.S. v. Penn-Trafford School District*, No. 20-3281, 2023 U.S. App. LEXIS 17611, at *9 (3d Cir. July 12, 2023). The mere fact that a municipality *could* have had better training does not lead to *Monell* liability. *See Hockett v. Stanga*, No. 2:18-CV-01213, 2023 U.S. Dist. LEXIS 39369, at *15 (W.D. Pa. Mar. 8, 2023).

9. Ms. Obuzor fails to explain any training's alleged deficiencies with any specificity and provides no basis for an inference that a deficiency in police training did, indeed, cause her injuries. Thus, the *Monell* claim should be dismissed.

10. Ms. Obuzor's Count III claim against the City fails as a matter of law. Count III fails to mention any illegal policies, customs, or procedures by the City, and instead revolves around the actions of Officers Clayton and Kennedy, and the individual Allegheny County defendants. Section 1983 liability for Defendant cannot arise under a *respondeat superior* theory, and that is all that Count III alleges. *Monell*, 436 U.S. at 690. Thus, dismissal of this claim is proper.

11. The claims at Count III should also be dismissed as duplicative to the claims in Count V. *See Sprauve v. West Indian Co.*, 799 F.3d 226, 235 n.11 (3d Cir. 2015). Any claim against

the City of Pittsburgh arises from the same events and under the same theory—Fourth Amendment unlawful arrest—as the claim in Count V, and redundant claims must be dismissed. *See id.*; *see also Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009); *Rogin v. Bensalem Twp.*, 616 F.2d 680, 686 (3d Cir. 1980).

**12.** Ms. Obuzor's state law false arrest claim against the City is barred by the Pennsylvania Political Subdivision Tort Claims Act ("the Act"), 42 Pa. C.S. § 8542(a)(2), and thus, should be dismissed.

Respectfully submitted,

City of Pittsburgh Law Dept.
Krysia Kubiak, Solicitor

s/ *Julie E. Koren, Esq.*
Julie E. Koren, Esq. (Pa. ID No. 309642)
Associate City Solicitor
414 Grant Street
Pittsburgh, PA 15219
Julie.Koren@pittsburghpa.gov
*Counsel for Defendants, City of Pittsburgh,*
*Officer Jesse Clayton and Officer Ross Kennedy*