## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANNA OBUZOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No. 2:23-cv-01488 |
| | ) | |
| **JESSE CLAYTON, Police Officer; ROSS** | ) | |
| **KENNEDY, Police Officer; JOHN DOE 1,** | ) | |
| **Correctional Officer; JANE DOE 2,** | ) | |
| **Correctional Officer; ORLANDO HARPER,** | ) | |
| **Warden of Allegheny County Jail; JASON** | ) | |
| **BEASOM, Deputy Warden; CITY OF** | ) | |
| **PITTSBURGH, PENNSYLVANIA; and** | ) | |
| **ALLEGHENY COUNTY, PENNSYLVANIA.** | ) | Jury Trial Demanded |
| **Defendants.** | ) | |

### DEFENDANTS JESSE CLAYTON AND ROSS KENNEDY ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Officers Jesse Clayton ("Officer Clayton") and Ross Kennedy ("Officer Kennedy") respectfully submit the following Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

### INTRODUCTION

1.   Officers Clayton and Kennedy deny the facts as stated of the introductory paragraph, Paragraph 1 of Plaintiff, Joanna Obuzor's ("Ms. Obuzor") Complaint. By way of further answer, the evidence in this case will show that on October 31, 2021, two unidentified individuals flagged down a City of Pittsburgh ("City") Emergency Medical Vehicle ("EMS") that was en route to an unrelated emergency call. The EMS personnel who were flagged down stopped and approached Ms. Obuzor's car. The EMS personnel did not observe a car parked as alleged in Ms. Obuzor's Complaint. Instead, EMS personnel found that Ms. Obuzor's car was running and was in drive. EMS observed that Ms. Obuzor presented with signs of intoxication and smelled of alcohol. Ms.

1

Obuzor's vehicle was secured and EMS personnel attempted to conduct a patient assessment. Ms. Obuzor was uncooperative with EMS personnel and police were subsequently called to the scene.

Officers Jesse Clayton and Ross Kennedy (collectively, Defendant Officers") responded to the call and asked Ms. Obuzor more than 20 times to call a friend or family member to obtain a safe ride home. In response to requests to obtain a safe ride home Ms. Obuzor indicated, contrary to her claims, that she "had many friends" who could provide a ride. Despite these statements, Ms. Obuzor did not attempt to gain access to a ride home and refused to use the Defendant Officer's phones or provide the officers with the number to a responsible person who could give her a safe ride home. Rather than call for a ride, Ms. Obuzor refused to cooperate and repeatedly insulted the Defendant Officers. Ms. Obuzor voluntarily submitted to only one field sobriety test, the Horizontal Gaze Nystagmus ("HGN") test. Officer Kennedy did not perform other tests because Ms. Obuzor complained of injuries that may interfere with the tests. When Ms. Obuzor was informed that her HGN test revealed signs of intoxication, she refused to believe Officer Kennedy. After this test, the Defendant Officers continued to ask Ms. Obuzor to get a ride home for approximately another five minutes, again she refused, and then she was appropriately arrested for public drunkenness.

Again, in contrast to her claims, Plaintiff was not violently arrested. Defendant Officers used reasonable force to place Ms. Obuzor in handcuffs at the scene and, with struggle, placed Ms. Obuzor into a police car. Officers repeatedly informed her that she was under arrest for public drunkenness. During the transport to the Allegheny County Jail, Ms. Obuzor intentionally and purposefully removed her seatbelt and handcuffs and threw the handcuffs out of the window of the moving police vehicle onto the Fifth Avenue roadway. When the Defendant Officers noticed the handcuffs were removed they stopped the car and asked for backup. Ms. Obuzor was

handcuffed again. The second incident of handcuffing required multiple attempts and police officers because Ms. Obuzor refused to comply with even the simplest commands by repeatedly repeating the same questions, writhing around in a police car, refusing to put her arms behind her back, reaching her arms up (unconstrained by her historical corset) to prevent her arrest, forcing her legs straight and sticking her head out of the car doors to prevent the doors from closing, and demanding at least once to know whether officers knew of "the Benedum Center." Ms. Obuzor's actions resulted in additional criminal charges.

After almost 45 minutes from the time when EMS was flagged down by bystanders, Ms. Obuzor arrived at the Allegheny County Jail. Any allegations relating to Allegheny County and/or its employees are not aimed at the Defendant Officers, and thus, do not require a response from the Defendant Officers.

2.   The Defendant Officers deny claims that any of their actions caused Ms. Obuzor's alleged injuries and request strict proof thereof at trial. Any claims in this paragraph not specifically aimed at the Defendant Officers do not require a response. To the extent that any further response is required the same are denied and strict proof thereof is demanded at trial.

3.   Based upon information and belief the allegation at this paragraph is admitted.

4.   Based upon information and belief the allegation at this paragraph is admitted. However, to the extent that this paragraph includes legal conclusions no response is required. To the extent a response is required, the same are denied and strict proof thereof is demanded at trial.

5.   Based upon information and belief the allegation at this paragraph is admitted. However, to the extent that this paragraph includes legal conclusions no response is required. To the extent a response is required, the same are denied and strict proof thereof is demanded at trial.

6.   The Defendant Officers are without information to form a belief as to the truthfulness of the allegations at this claim. And thus and factual allegations made outside of legal conclusions which require no response are denied and strict proof thereof is demanded at trial.

7.   The Defendant Officers are without information to form a belief as to the truthfulness of the allegations at this claim. And thus and factual allegations made outside of legal conclusions which require no response are denied and strict proof thereof is demanded at trial.

8.   Based upon information and belief the allegation at this paragraph is denied. By way of further answer, upon information and belief, at the time of filing this Answer and Affirmative Defenses, Orlando Harper is no longer the warden of the ACJ. However, to the extent that this paragraph includes legal conclusions no response is required. To the extent a response is required, the same are denied and strict proof thereof is demanded at trial.

9.   Based upon information and belief the allegation at this paragraph is admitted. However, to the extent that this paragraph includes legal conclusions no response is required. To the extent a response is required, the same are denied and strict proof thereof is demanded at trial.

10. Based upon information and belief the allegation at this paragraph is admitted. However, to the extent that this paragraph includes legal conclusions no response is required. To the extent a response is required, the same are denied and strict proof thereof is demanded at trial.

11. Based upon information and belief the allegation at this paragraph is admitted. However, to the extent that this paragraph includes legal conclusions no response is required. To the extent a response is required, the same are denied and strict proof thereof is demanded at trial.

12. The allegations at this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

13. The allegations at this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

14. The allegations at this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

15. Upon information and belief the allegations at this paragraph are admitted.

16. Denied. To the extent that this paragraph contains legal conclusions or factual allegations related to parties other than the Defendant Officers no response is required. To the extent a response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

**A. Denied. The Defendant Officers legally arrested Plaintiff after bystanders and EMS came upon Plaintiff passed out at the wheel of her car with the car in drive. Ms. Obuzor was legally arrested after being asked to secure a ride home over 20 times.**

17.  Based upon information and belief it is admitted that Ms. Obuzor was in a costume for Halloween, however, it is denied that this corset restricted Ms. Obuzor's movements as the corset is not believed to have touched her neck, arms, or shoulders and discovery will show she was able to move her arms freely over her head on at least one occasion. The Defendant Officers are without information and belief to know the truthfulness of whether Ms. Obuzor was at a social gathering organized by her book club, and thus, the Defendant Officers deny these claims and strict proof thereof is demanded at trial.

18. The Defendant Officers lack sufficient information to form a belief as to the truthfulness of the claims in this paragraph, except to the extent that it was apparent that Ms. Obuzor had

consumed alcohol before he met her. And thus, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

19. Based upon information and belief is denied that Ms. Obuzor "pulled into a street-parking space," as her car was still running and in drive when she was found passed out behind the wheel by two bystanders. Based upon information and belief, the Defendant Officers deny that the vehicle was turned off.

20. Based on information and belief this allegation is denied as stated. Strict proof thereof is demanded at trial. By way of further answer, it is believed that EMS personnel were able to wake Ms. Obuzor before she met the Defendant Officers because EMS personnel were checking on Ms. Obuzor's well-being after bystanders flagged the EMS vehicle down.

21. Admitted.

22. Denied as stated. The Defendant Officers repeatedly asked Ms. Obuzor to obtain a ride home. Ms. Obuzor stated that she had "many friends" who could drive her home, yet she refused to agree to contact one of these individuals.

23. The allegations at this paragraph are admitted to the extent that the Defendant Officers repeatedly asked Ms. Obuzor to contact a friend or family member to drive her home. It is denied that Ms. Obuzor did look for a phone in her car or rummaged through her purse in front of the officers. By way of further answer, Ms. Obuzor explained that when she had previously looked in her clutch purse and had not seen her phone and concluded that she was not in possession of her phone. To the extent that the allegations are denied strict proof thereof is demanded at trial.

24. The allegations in this paragraph are admitted to the extent that Ms. Obuzor is believed to have looked in her clutch purse at some point in time during the encounter and is believed to have said to the officers "thank you for not shooting me" when she initially stepped out of her vehicle.

The Defendant Officers are without knowledge to form a belief about the truth of any further allegations in this paragraph, and thus, the same are denied and strict proof thereof is demanded at trial.

25. Upon information and belief, Officer Clayton did not say, "you're one of those" to Ms. Obuzor. Strict proof thereof is demanded at trial. However, it is admitted that Ms. Obuzor did get out of her car when she initially agreed to undergo field sobriety tests.

26. Denied as stated. By way of further answer, Ms. Obuzor acted and displayed signs consistent with being intoxicated. Furthermore, based upon information and belief, she had been drinking alcohol hours prior to being found by bystanders passed out at the wheel of her running car, although her alcohol consumption may have been before midnight, it was only hours prior to her arrest, not an entire day prior to the arrest.

27. Admitted to the extent that the Defendant Officers did not attempt to arrest Plaintiff for driving under the influence. Rather, instead of trying to arrest Ms. Obuzor the Officers pleaded with her to get a safe ride home. Any allegations not strictly admitted at this paragraph are denied and strict proof thereof are demanded at trial.

28. Denied. Strict proof thereof is demanded at trial.

29. Denied in part and admitted in part. It is admitted that Officer Kennedy conducted an HGN test and that Ms. Obuzor's eyes showed signs of intoxication. It is denied that Officer Clayton was visibly disappointed by Ms. Obuzor complying with the test or that Officer Clayton disappointment went away because Ms. Obuzor By way of further answer, Ms. Obuzor complied with the test and then said to Officer Kennedy, "come at me," discussed an alleged past brain injury and then pointed and told Officer Kennedy and said "this is fucking bull-shit." During this interaction Ms. Obuzor told Officer Clayton to "get out of here, you've only been a dick to me you

can step off." Officer Kennedy asked Ms. Obuzor multiple times to get a ride home if she did not want to take the test, yet Ms. Obuzor refused and repeatedly asked Officer Kennedy, "what is your test." It is further denied that only one eye showed "shaky movement." Any other facts alleged in this paragraph are denied and strict proof thereof is demanded at trial.

30. Denied.

31. Admitted.

32. Denied as stated. Defendants anticipate that discovery will show that Officer Kennedy informed Ms. Obuzor that the fact that her eyes involuntarily jerked during the test which was a clear indicator that she was unable to safely operate a vehicle. Ms. Obuzor was not immediately arrested after exhibiting signs of intoxication on the HGN test. After she was informed of the signs of intoxication on her HGN test, the Defendant Officers again asked Ms. Obuzor to get a ride home. Officer Clayton informed Ms. Obuzor that they were trying to get her home safe so that she would not hurt herself or anyone else and asked her to look for her phone. Ms. Obuzor responded by telling Officer Clayton, among other things, to "hush your whore mouth you god damn piece of shit, god damn trash face…" Shortly after, Officer Kennedy told Ms. Obuzor that she was under arrest for public drunkenness. It is denied that the Defendant Officers "aggressively shoved" or Ms. Obuzor or "forcefully slammed" Ms. Obuzor into the side of her vehicle to effectuate her initial handcuffing.

33. Admitted.

34. Denied.

35. Denied. Officer Kennedy informed Ms. Obuzor more than one time that she was being arrested for public drunkenness.

36. Denied as stated. Ms. Obuzor initially refused to sit in the car and then when she was moved into the car Ms. Obuzor straightened her legs to prevent the doors closing.

37. Denied.

**B. The allegation at this heading is directed towards other defendants and not the Defendant Officers and thus, no response is required. To the extent that an answer is required of the Defendant Officers, the allegations are denied and strict proof thereof is demanded at trial.**

38. Admitted.

39. Admitted.

40. Based upon information and belief, admitted.

41. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

42. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

43. The allegation at this paragraph is directed towards other defendants and the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

44. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

45. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

46. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

47. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

48. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

49. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

50. To the extent that this paragraph is directed towards the Officer Defendants, it is denied that either used "violent and abusive" force against Ms. Obuzor or that any of the Defendant Officers caused any of Ms. Obuzor alleged serious injuries. The remaining allegations are directed at a different defendant and requires no answer from the Defendant Officers To the extent that any further answer is required, the allegations are denied and strict proof thereof are demanded at trial.

51. To the extent that this paragraph is directed towards the Defendant Officers, it is denied that any officer used "violent and abusive" force against Ms. Obuzor or that any of of the Defendant Officers actions caused any of Ms. Obuzor's alleged serious injuries.

52. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

53. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

54. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial. As to the claims, based upon information and belief, the Defendant Officers appeared on the date of the preliminary hearing and the charges were dismissed before the Officers could be involved in the administration of the case.

**C. The allegation at this heading is directed towards other defendants and not the Defendant Officers and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.**

55. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

56. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

57. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

58. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

59. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

60. The allegation at this paragraph is directed towards other defendants and not the Defendant Officers, and thus, no response is required. To the extent that an answer is required, the allegations are denied and strict proof thereof is demanded at trial.

## COUNT I
**The title at Count I does not include factual allegations, and thus, no response is required. To the extent that a response is required, the same are denied and strict proof thereof is demanded at trial.**

61. The Defendant Officer's responses to the allegations set forth in the paragraphs above as if fully set forth and restated herein. Anything not specifically addressed above is denied.

62. This paragraph contains a statement of law to which no response is required.

63. This paragraph contains a statement of law to which no response is required.

64. This paragraph contains a statement of law to which no response is required.

65. Denied.

66. Denied.

67. Denied.

68. This paragraph contains a statement of law to which no response is required.

69. Denied.

70. Denied that the Defendant Officers caused any alleged severe physical injuries. The Defendant Officers are without knowledge to form a belief about Ms. Obuzor's alleged therapy after the incident, and thus, any claims of the like are denied.

71. The Defendant Officers are without knowledge to form a belief about Ms. Obuzor's alleged psychological injuries, and thus, any claims of the like are denied.

72. The Defendant Officers are without knowledge to form a belief about Ms. Obuzor's alleged medical care after the incident, and thus, any claims of the like are denied.

73. This paragraph contains a statement of law to which no response is required.

## COUNT I
**The title at Count II does not include factual allegations and is directed at another defendant, and thus, no answer is required.**

74. The Defendant Officers' responses to the allegations set forth in the paragraphs above as if fully set forth and restated herein. Anything not specifically addressed above is denied.

75. This paragraph contains a statement of law to which no response is required.

76. This paragraph contains a statement of law to which no response is required.

77. This paragraph contains a statement of law to which no response is required.

78. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

79. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

80. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

81. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

82. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

83. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

84. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

85. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

86. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

87. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

88. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

89. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

90. This paragraph contains a statement of law to which no response is required.

### COUNT III
**The title at Count III does not include factual allegations, and thus, no response is required. To the extent that a response is required, the same are denied and strict proof thereof is demanded at trial.**

91.   The Defendant Officers' responses to the allegations set forth in the paragraphs above as if fully set forth and restated herein. Anything not specifically addressed above is denied.

92. This paragraph contains a statement of law to which no response is required.

93. This paragraph contains a statement of law to which no response is required.

94. This paragraph contains a statement of law to which no response is required.

95. Denied.

96. Denied as stated. The Defendant Officers offered Ms. Obuzor to take field sobriety tests and she agreed only to the HGN test. The Defendant Officers asked Ms. Obuzor over 20 times to get a ride home. Ms. Obuzor refused.

97. Denied.

98. The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

99. To the extent this allegation is directed at the Defendant Officers, denied. Any allegations directed at other defendants do not require an answer.

100.       This paragraph contains a statement of law to which no response is required.

### COUNT IV

**The title at Count IV does not include factual allegations and is directed at another defendant, and thus, no answer is required.**

101.      The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

102.      The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

103.      The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

104.      The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

105.      The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

106.      The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

107.      The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

108.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

109.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

110.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

111.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

112.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

113.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

**COUNT V**
**The title at Count V does not include factual allegations and is directed at another defendant, and thus, no answer is required. The City of Pittsburgh has filed a Motion to Dismiss at ECF No. 32.**

114.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

115.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

116.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

117.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

118.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

119.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

120.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

121.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

122.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

123.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

124.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

125.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

126.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

127.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

128.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

129.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

## COUNT VI
**The title at Count VI does not include factual allegations, and thus, no response is required. To the extent that a response is required, the same are denied and strict proof thereof is demanded at trial.**

130.     The Defendant Officers' responses to the allegations set forth in the paragraphs above as if fully set forth and restated herein. Anything not specifically addressed above is denied.

131.     This paragraph contains a statement of law to which no response is required.

132.     Denied.

133.     Denied as stated. The Defendant Officers offered Ms. Obuzor to take field sobriety tests and she agreed only to the HGN test. The Defendant Officers asked Ms. Obuzor over 20 times to get a ride home. Ms. Obuzor refused.

134.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

135.     The Defendant Officers are without knowledge to form a belief as to the truth of this claim, and thus, the same are denied and strict proof thereof is demanded at trial.

136.     This paragraph contains a statement of law to which no response is required.

## COUNT VI
**The title at Count VI does not include factual allegations, and thus, no response is required. To the extent that a response is required, the same are denied and strict proof thereof is demanded at trial.**

137.     The Defendant Officers' responses to the allegations set forth in the paragraphs above as if fully set forth and restated herein. Anything not specifically addressed above is denied.

138.     Denied.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     This paragraph contains a statement of law to which no response is required.

145.     This paragraph contains a statement of law to which no response is required. To the extent that a response is required, the same are denied and strict proof thereof is demanded at trial.

## COUNT VI
**The title at Count VI does not include factual allegations, and thus, no response is required. To the extent that a response is required, the same are denied and strict proof thereof is demanded at trial.**

146.     The Defendant Officers' responses to the allegations set forth in the paragraphs above as if fully set forth and restated herein.

147.     The allegations at this paragraph are directed at another defendant, and thus, no response is required. To the extent that any response is required, the allegations at this paragraph are denied and strict proof thereof is demanded at trial.

148.     Denied.

149.     This paragraph contains a statement of law to which no response is required.

## PRAYER FOR RELIEF/JURY DEMAND
**The title and subsections included under Ms. Obuzor's Prayer for Relief and in her Jury Demand do not include factual allegations, and thus, no response is required. To the extent that a response is required, the same are denied and strict proof thereof is demanded at trial.**

### FIRST AFFRIMATIVE DEFENSE

At all times relevant, the Defendant Officers acted with and pursuant to a bonafide good faith belief that his actions were lawful, privileged, and in keep with his proper duties as a police officer.

### SECOND AFFRIMATIVE DEFENSE

The Defendant Officers asserts that he is entitled to qualified immunity as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and subsequent decisions. At no time did the Defendant Officers violate clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in the exercise of good faith and, as such, enjoys not only qualified immunity, but a right not to go to trial as articulated in *Mitchell v. Forsythe*, 472 U.S. 511, 572 (1985).

### THIRD AFFRIMATIVE DEFENSE

The Court lacks subject-matter jurisdiction.

### FOURTH AFFRIMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### FIFTH AFFRIMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### SIXTH AFFRIMATIVE DEFENSE

Plaintiff's own actions were the direct and proximate cause of the alleged injuries and/or damages.

### SEVENTH AFFRIMATIVE DEFENSE

Because Plaintiff cannot establish that a constitutional violation has been committed by a police officer, any claim of municipal liability is barred

### EIGHTH AFFRIMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Officer Clayton was not the proximate cause of any alleged injury or damage incurred by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's own actions and/or failure to act were the direct and proximate cause of the alleged injuries and damages.

### TENTH AFFIRMATIVE DEFENSE

The Defendant Officers assert that the Political Subdivision Tort Claims Act serves as a bar to Plaintiff's state law claims and assert all defenses, immunities, and limitations of damages available to them under the Political Subdivision Tort Claims Act. See 42 Pa.C.S.A. § 8541.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendant Officers asserts herein all defenses available to them under the Civil Rights Act of 1871.

### TWELFTH AFFIRMATIVE DEFENSE

Despite the fact that charges were dropped prior to any legal proceeding, probable cause existed for the charges brought against Plaintiff.

\* \* \* \*

WHEREFORE, the Defendant Officers respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in its favor, that it be awarded attorneys' fees and costs, and such other and further relief as the Court deems appropriate in this action.

**JURY TRIAL DEMANDED**

Respectfully submitted,

City of Pittsburgh Law Dept.
Jesse Exilus, Deputy Solicitor

s/ *Julie E. Koren, Esq.*
Julie E. Koren, Esq. (Pa. ID No. 309642)
Associate City Solicitor
414 Grant Street
Pittsburgh, PA 15219
Julie.Koren@pittsburghpa.gov
*Counsel for Defendants, City of Pittsburgh,*
*Officer Jesse Clayton and Officer Ross Kennedy*

24