IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANNA OBUZOR,                                     Civil Action

    Plaintiff,                                    No. 2:23-cv-1488

  v.

JESSE CLAYTON, et al.,

    Defendants.

**Allegheny County's Answer to the Amended Complaint**

1. This Introductory paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied except to the extent that specific averments of fact are admitted below in this answer.

2. This Introductory paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied except to the extent that specific averments of fact are admitted below in this answer.

3. It is only admitted that Plaintiff is an adult. The remaining averments are not admitted.

4. It is only admitted that Jesse Clayton is an individual employed by the City of Pittsburgh as a police officer. The remaining averments are not admitted.

5. It is only admitted that Rose Kennedy is an individual employed by the City of Pittsburgh as a police officer. The remaining averments are not admitted.

6. It is only admitted that Adam Hoover is an individual who was at the time described in the Amended Complaint employed by Allegheny County as a

correctional officer at the Allegheny County Jail (ACJ). The remaining averments are not admitted.

7. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

8. It is only admitted that Orlando Harper is an individual who was at the time described in the Amended Complaint employed by Allegheny County as the Warden of the ACJ. The remaining averments are not admitted.

9. It is only admitted that Jason Beasom is an individual who was at the time described in the Amended Complaint employed by Allegheny County as the Chief Deputy Warden of the ACJ. The remaining averments are not admitted.

10. It is only admitted that Allegheny County is a home rule county in the Commonwealth of Pennsylvania and that it operates the ACJ. The remaining averments are not admitted.

11. It is only admitted that the City of Pittsburgh is a home rule municipality in the Commonwealth of Pennsylvania and that it operates the ACJ. The remaining averments are not admitted.

12. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

13. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

14. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

15. It is only admitted that Plaintiff is an adult. The remaining averments are not admitted.

16. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

17. -39.  These paragraphs refer only to other parties and require not response from this Defendant. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

40. It is admitted that Plaintiff was brought into the ACJ by the police and searched as a normal security measure to verify that she was not in possession of anything that could endanger herself or others. It is admitted that Correctional Officer Hoover and other Correctional Officers were present at the ACJ When Plaintiff arrived there. The remaining averments are not admitted.

41. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

42. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

43. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

44. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

45. It is admitted that Plaintiff was seen by medical personnel in her cell. It is admitted that she answered medical questions. The remaining averments are not admitted.

46. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

47. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

48. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

49. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

50. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

51. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

52. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

53. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

54. It is admitted that Plaintiff was not booked as an ACJ inmate, but was released after her preliminary arraignment by a magisterial district judge.

55. Denied.

56. It is admitted that the Warden and Chief Deputy Warden are the highest-ranking officers employed at the ACJ.

57. It is admitted that the Warden and Chief Deputy Warden are the highest-ranking officers employed at the ACJ. The remaining allegations of this paragraph are denied, neither Warden Harper nor Chief Deputy Beasom review all use of force incidents at the ACJ, and they did not review this incident.

58. Denied. Neither Warden Harper nor Chief Deputy Beasom review all use of force incidents at the ACJ, and they did not review this incident.

59. Admitted.

60. This paragraph refers to a written policy, not attached, that writing speaks for itself and no response is required thereto.

61. Denied. Neither Warden Harper nor Chief Deputy Beasom review all use of force incidents at the ACJ, and they did not review this incident.

62. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

63. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

64. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

65. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

66. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

67. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. It is denied that reports on use of force were made to the Jail oversight Board in 2021.

68. Denied.

69. Denied.

70. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

71. . This paragraph states conclusions of law to which no response is required. To the extent factual matter is averred, it is denied.

72-94 These paragraphs refer only to other parties and require not response from this Defendant. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

## Count I

95-107. These paragraphs refer only to other parties and require not response from this Defendant. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

## Count II

108-124. These paragraphs refer only to other parties and require not response from this Defendant. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

## Count III

125-133. These paragraphs relate only to other parties and require no response by this Defendant. To the extent that a response may be required, the averments of these paragraphs are denied.

## Count IV

134-146. These paragraphs refer only to other parties and require not response from this Defendant. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

## Count V

147.    All prior paragraphs are incorporated by reference. All responses to the averments in Count V relate only to Allegheny County.

148. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. By way of further response Allegheny County is a Home Rule County.

149. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

150. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

151. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

152. After reasonable investigation the Defendants are without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

153. After reasonable investigation the Defendants are without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

154. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

155. After reasonable investigation the Defendants are without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

156. Denied.

157. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

158. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

159. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

160. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

161. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

162. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

163. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

164. After reasonable investigation the Defendants are without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent factual matter is aver, it is denied as to Allegheny County.

165. Denied.

166. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

167. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

168. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

169. After reasonable investigation the Defendants are without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

170. Denied.

171. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

172. Denied.

173. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

174. Denied.

175. Denied.

## Count VI

176-181. These paragraphs refer only to other parties and require not response from this Defendant. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

## Count VII

182-190. These paragraphs refer only to other parties and require not response from this Defendant. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

## Count VIII

191. All prior paragraphs are incorporated by reference.

192. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. It is admitted that force was used.

193. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

194. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

Wherefore the Defendant demands judgment in its favor and against the Plaintiff.

### Affirmative Defenses

195. Defendant incorporates Paragraphs 1-194 as though set forth completely herein.

196. Plaintiff has failed to state a claim, and cannot establish a claim, upon which relief can be granted against these Defendants under the Eighth Amendment to the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution, 42 Pa.C.S.A. §§ 1983, 1988, any U.S. Civil Rights Act or amendments thereto, any other provision of the U.S. Constitution or laws.

197. Plaintiff has failed to state a claim, and cannot establish a claim, entitling Plaintiff to judgment against, or entitling Plaintiff to recover from, this Defendant for any compensatory, exemplary, punitive, or any other type of damages, fees, or costs.

198. Plaintiff has failed to establish, and cannot establish, that, if and when any of this Defendant acted under color of state, local or federal statute, ordinance, custom, regulation, usage, law, or authority, any of them violated any constitutional or other rights had by the Plaintiff.

199. Plaintiff has procedurally defaulted on the claims in this suit.

200. Defendants Harper, Beasom and Hoover are entitled to Qualified Immunity.

201. This Defendant engaged in no custom, policy, practice, protocol, procedure, actions, or inactions that interfered with the Plaintiff's rights while in the ACJ, that violated any duty(ies) it had to the Plaintiff, or that caused her any other injuries or damages.

202. This Defendant was in no way deliberately indifferent to the Plaintiff's conditions-of-confinement, or other needs and/or rights.

203. This Defendant neither knew of nor disregarded any objective or excessive risk to the Plaintiff's health or safety.

204. At all times relevant hereto, this Defendant took appropriate actions and used appropriate customs, policies, practices, and protocols to protect the Plaintiff's rights while at the ACJ and to satisfy any and all duties this Defendants had to the Plaintiff.

205. This Defendant took appropriate steps in an effort to provide for necessary care for him to reduce his injuries and damages.

206. As against this Defendant, Plaintiff's instant action is without reasonable support in fact or law, is patently unmeritorious, is frivolous, is vexatious, and cannot prevail.

207. Plaintiff's suit is barred by the applicable statute of limitations.

208. Plaintiff's suit is barred by laches.

209. Plaintiff's suit and request for damages are otherwise barred by law and/or equity.

210. The Individual Defendants do not admit that they are policy making officials.

211. Plaintiff failed to mitigate damages.

212. Plaintiff voluntarily assumed a known risk of injury.

WHEREFORE, Defendant Allegheny County demands judgment in its favor and against Plaintiff. Defendant also demand all appropriate attorneys' fees and costs incurred by them in defending this action.

                s/ John A. Bacharach
                s/ Lisa G. Michel
                Assistant Allegheny County Solicitor
                300 Fort Pitt Commons
                445 Fort Pitt Boulevard
                Pittsburgh, Pa 15219
                412-350-1150
                John.bacharach@alleghenycounty.us

A Jury Trial is Demanded.