# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANNA OBUZOR,                          )
                                     )
             Plaintiff,                )        Case No. 2:23-cv-1488
                                     )
       v.                                    )
                                     )
JESSE CLAYTON, ET AL.,                  )
                                     )        JURY TRIAL DEMANDED
            Defendants.            )

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER REGARDING DISCOVERY AND DOCUMENTS LABELED "CONFIDENTIAL"

1.      Plaintiff, Joanna Obuzor, and Defendants Jesse Clayton, Ross Kennedy, Orlando Harper, Jason Beasom, and Allegheny County, (collectively referred to herein as the "Parties") recognize that the Parties and non-party third parties have privacy interests in certain information and documents,  including personnel information, financial information, medical information, policies and procedures, and other private information, and that Parties have or may request such information from each other in the discovery phase of this lawsuit. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties and the Court enter into this Protective Order.

2.      This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any of the Parties, to any other Party in this action that is designated by a Party as "Confidential" in accordance with the terms of this Order, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of duplication containing, reflecting, or disclosing such information.

3.     For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to Rule 26 and/or Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admission, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

4.     Any Party may designate any Discovery Materials it deems to be confidential, including, but not limited to, Discovery Materials that refer or relate to policies and procedures, personal information, business records, individual employment records, and medical or psychological records by designating such Discovery Materials as "Confidential." If confidential information is used or disclosed during a deposition, any Party may within ten (10) days of receiving the deposition transcript designate portions of the transcript as "Confidential." If no such designation is made at the deposition or within ten (10) days, the entire deposition shall be considered devoid of any confidential information. A party may designate confidential information as "Confidential" by marking and/or otherwise stamping the word "Confidential" on the document, by stating that certain testimony is designated as confidential on the record at any deposition or proceeding, by written correspondence stating that certain pages or portions of the transcript of any testimony are designated as "Confidential" and/or by any other reasonable means that give notice to the other Party that the information is designated as "Confidential." The Parties expressly agree that information available to the public or possessed by third parties not parties to this civil action shall not be designated as "Confidential."

5.     In the event that a producing Party inadvertently fails to designate any Discovery Materials it deems to be confidential at the time of production, it may later so designate by notifying the other Party in writing. After any belated designation of information as "Confidential"

2

pursuant to this Order, the receiving Party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. No person or Party shall incur any liability hereunder with respect to the disclosure of "Confidential" information that occurred prior to receipt of written notice of a belated designation.

6.  A receiving Party may challenge a producing Party's designation at any time.  Any receiving Party disagreeing with a designation may request in writing that the producing Party change the designation.  The producing Party shall then have ten (10) days after receipt of a challenge notice to advise the receiving Party whether or not it will change the designation.  If the Parties are unable to reach an agreement after the expiration of this ten (10) day period, and after a good faith conferral over the dispute, the receiving Party may, at any time, thereafter, seek a Court Order to alter confidential status of the designated information.  Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order. The burden of proof with respect to whether a document, testimony and/or other information is confidential is on the Party claiming the protection of confidentiality under this Confidentiality Agreement and Protective Order.

7.  Except as otherwise expressly provided, access to and use of Discovery Materials designated "Confidential" shall be restricted in accordance with the following provisions:

(a)  "Confidential" Discovery Materials shall be made available only to, and inspected by the following persons - provided that such individuals are informed of the terms of this Protective Order:

(i)  Counsel of Record and supporting personnel employed by such counsel, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks, and private data entry, document management, and photocopying services. Consultants may view such documents only in accordance with the terms specified below in paragraph 7(c);

(ii)    the Parties and any necessary employees or representatives (including insurance professionals) of the Parties who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussion;

(iii)    the Court and its secretarial or clerical staff; and

(iv)    the specific individual to whom any given document marked "Confidential" relates.

(b)    No copies, extracts or summaries of any document designated "Confidential" shall be made except by or on behalf of Counsel of Record, in-house counsel for the Parties and/or any of their support staff who shall agree to be bound by the terms of this Confidentiality Agreement and Protective Order; and such copies, extracts or summaries shall also be designated and treated as "Confidential" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Confidentiality Agreement and Protective Order.

(c)    Counsel of Record may allow access to Discovery Material designated "Confidential" to their retained consultants and experts, provided that any such consultant or expert who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit A. Consultants and experts shall be specifically advised that the portion of their written work product and deposition testimony, which contains or discloses the substance of Discovery Material designated as "Confidential" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to consultants and/or experts shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings. No "Confidential" Discovery Materials may be disclosed to a consultant or expert prior to execution of the form attached as Exhibit A.

(d)    All information produced or discovered in this litigation shall be solely for use during the pretrial phase of the case docketed as Civil Action No. 2:23-cv-1488 in the United States District Court for the Western District of Pennsylvania, and shall not be used for any other purposes whatsoever. Each Party shall keep confidential and not use or disseminate outside the boundaries of this case any records that any other Party designates as "Confidential."

8.    Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not:

(a)    abrogate, diminish, or waive any privilege or any contractual, statutory or other legal obligation or right of any Party with respect to Discovery Materials, nor abrogate or diminish a party's right to object, refrain from producing, and/or moving

for a protective order in regard to private, confidential, or any other protected information, where such objection is based on grounds other than the fact that the testimony or evidence involves information subject to this Confidentiality Agreement and Protective Order;

(b)     abrogate, diminish, or waive a party's right to object to the admissibility of any testimony or evidence, where such objection is based on grounds other than the fact that the testimony or evidence involves information subject to this Confidentiality Agreement and Protective Order;

(c)     prejudice the rights of a Party to apply to the Court for further protective orders; or

(d)     prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

9.     "Confidential" information shall also mean medical and/or psychological records, certain personnel files/information, the disclosure of which might adversely affect or prejudice the disclosing party's or third parties' privacy.  Material designated as "Confidential" shall be marked or stamped as "Confidential" on the document in the manner described herein, or if such material is in electronic form, then on the cover letters accompanying the electronically produced information.

10.     The Parties and their counsel hereby agree to notify personnel of the District Court's Clerk of Court's office, at the time any "Confidential" information is to be filed and shall comply with the then current Rules of Court concerning the filing of "Confidential" information.

11.     This Confidentiality Agreement is not intended to govern at trial or appeal. The Parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of documents and/or information designated as "Confidential" pursuant to this Confidentiality Agreement both at trial and upon any appeal of this case.

12.     Within thirty (30) calendar days after final judgment in this action, including the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement

agreement, each Party or other person subject to the terms of this Protective Order shall return to the producing Party or destroy all materials and documents containing "Confidential" information and to certify to the producing Party that such material and/or any copies of the "Confidential" information have been returned or destroyed.

13.     It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold the Parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

14.     Any Party may petition the Court for relief from a term or condition of this Order on the basis of good cause shown.

15.     This Agreement may be executed in counterparts.  A facsimile or copy shall be deemed as an original.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]*

Agreed to on August 9, 2024 by the Parties:


*/s/ Juliana T. Tindall*
Juliana T. Tindall, Esq.
PA I.D. No. 332881
Assistant City Solicitor
City of Pittsburgh Department of Law
313 City-County Building, 414 Grant Street
Pittsburgh, PA  15219
(412) 255-2015
juliana.tindall@pittsburghpa.gov
*Counsel for Defendants Jesse Clayton and Ross Kennedy*

*/s/ Jessica L. G. Moran*
Jessica L. G. Moran. Esq.
PA I.D. No. 325912
K&L Gates LLP
210 Sixth Ave.
Pittsburgh, PA 15222
(412) 355-6753
jessica.moran@klgates.com
*Counsel for Plaintiff Joanna Obuzor*


*/s/ John A. Bacharach*
John A. Bacharach, Esq.
PA I.D. No. 19665
445 Fort Pitt Blvd. #300
Pittsburgh, PA 15219
(412) 350-1150
john.bacharach@alleghenycounty.us
*Counsel for Defendants Jason Beasom, Orlando Harper and Allegheny County*



BY THE COURT:


_____, J.

The Honorable W. Scott Hardy